**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | |
|---|---|
| **CHARLES ALLEN** ] | |
| Plaintiff, ] | |
| ] | |
| v. ] | No. 3:15-0103 |
| ] | Judge Campbell |
| **DAVIDSON COUNTY SHERIFF'S** ] | |
| **OFFICE, et al.** ] | |
| Defendants. ] | |

# **M E M O R A N D U M**

The plaintiff, proceeding *pro se*, is an inmate at the Davidson County Criminal Justice Center in Nashville. He brings this action pursuant to 42 U.S.C. § 1983 against the Davidson County Sheriff's Office, seeking damages.[1]

It appears from the complaint that the plaintiff is challenging his placement in punitive segregation for a disciplinary infraction for which he is innocent.

To establish a claim for § 1983 relief, the plaintiff must plead and prove that a person or persons, while acting under color of state law, deprived him of some right guaranteed by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981).

A county jail or workhouse is not a person that can be sued under 42 U.S.C. § 1983. Rhodes v.McDannel, 945 F.2d 117, 120 (6th Cir. 1991). Nor is a county sheriff's department a person subject

---

[1] In the complaint, the plaintiff states that this action is being brought against "others" as well. He fails, however, to identify any defendants other than the Davidson County Sheriff's Office.

to liability under § 1983. Petty v. County of Franklin, Ohio, 478 F.3d 341, 347 (6th Cir. 2007). Of course, giving this *pro se* pleading a liberal construction, the Court could construe the complaint as an attempt to state a claim against Davidson County, the entity responsible for the operation of the Criminal Justice Center. However, for Davidson County to be liable, the plaintiff would have to allege and prove that his constitutional rights were violated pursuant to a "policy statement, ordinance, regulation or decision officially adopted and promulgated" by the county. Monell v. Department of Social Services, 436 U.S. 658, 689-690 (1978). No such allegation appears in the complaint.

Therefore, in the absence of any other named defendants, the plaintiff has failed to state a claim upon which relief can be granted. Under such circumstances, the Court is obliged to dismiss the complaint *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

_____
Todd Campbell
United States District Judge